IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE TASHEEN MARSHALL,<br>     Petitioner.<br><br>WATKINS ASSOCIATED INDUSTRIES,<br>     Counterclaimant,<br><br>     v.<br><br>TASHEEN MARSHALL, as Guardian At Litem of Clinton Kelley Jones, and WILCOXEN, CALLAHAN, MONTGOMERY & DEACON,<br>     Counterdefendants. | CIV-06-1442-DFL-DAD<br><br><br>MEMORANDUM OF OPINION<br>AND ORDER |

This case arises from an accident in which an uninsured motorist hit a minor. The young man ("C.J.") was covered by his father's health insurance policy, which was issued by Watkins Associated Industries, Inc. ("Watkins"). Watkins paid medical expenses as a result of the accident. Watkins now seeks reimbursement from C.J. because he stands to recover from his mother's insurer, Viking Insurance Co. ("Viking"). Tasheen Marshall, C.J.'s mother, petitioned a California state court to approve a settlement between her son and Viking. Watkins attempted to remove the state case, but the state court approved

1

the settlement nonetheless.  Watkins now moves to dismiss the mother's petition and to vacate the state court order.  By way of counterclaim, Watkins also seeks to obtain a constructive trust over the Viking settlement funds.  Marshall moves to dismiss the counterclaim.  For the reasons stated below, the court DENIES Watkins's motion to dismiss Marshall's petition because the removal was a nullity and GRANTS Marshall's motion to dismiss Watkins's counterclaim.

I.

On June 16, 2004, C.J. was hit by an uninsured motorist while riding his bicycle.  C.J. suffered serious injury.  His medical expenses totaled $45,917.09.  Through his father, C.J. was covered by the Watkin's Group Health Protection Plan ("the plan"), a self-funded employee welfare benefit plan governed by ERISA.  Watkins alleges that the plan paid $44,165.61 in medical expenses incurred by C.J..

C.J. also was covered by his mother's uninsured motorist insurance with Viking.  Viking agreed to pay Marshall $15,000.  California requires that a state court approve any settlement involving a minor.  On May 5, 2006, Marshall sought court approval of the settlement and filed a "Petition to Approve Compromise of Disputed Claim of a Minor" in Sacramento County Superior Court.  The settlement terms included: (1) depositing the funds in a blocked account until C.J. turns 18; (2) paying

2

$3,750.00 in fees to petitioner's attorney; (3) depositing $9,314.15 in insured accounts in one or more financial institutions in the state, subject to withdrawal only upon the authorization of the court; and (4) paying $1,200 to Marshall to purchase a computer for C.J. to do schoolwork.  In the petition, Marshall also requested that the court find that: (1) "[Watkins] is entitled to no recovery for payments made relating to this incident"; (2) "Watkins is precluded from withholding future claims for covered services made by insureds under this policy to satisfy the lien for payments made relating to this incident"; and (3) "Watkins [must] pay future claims for covered services relating to this incident."  However, Marshall did not name Watkins as a defendant in the action, and Watkins was not a party.

    Notwithstanding its status as a nonparty, Watkins filed a notice of removal.  Despite the notice of removal, the state court issued an order on July 27, 2006 that approved the proposed settlement between C.J. and Viking and declared that Watkins was not entitled to any recovery from that settlement.  In the meantime, proceeding in this court on the removed action, Watkins filed a motion to dismiss the petition on the ground that the petition was preempted by ERISA and that Marshall had not yet exhausted administrative remedies.  Watkins also filed a counterclaim against Marshall to put a constructive trust over

3

any settlement C.J. reached with Viking.  The counterclaim alleged federal jurisdiction under ERISA.

Now pending are Marshall's motion to dismiss Watkins's counterclaim and Watkins's motion to dismiss Marshall's petition to approve the settlement.  The key issues are: (1) whether Watkins properly removed the state court petition; and (2) whether Watkins is correct that the plan allows Watkins to recover benefits that an insured receives from another insurer.

II.

Federal courts must "strictly construe the removal statute against removal jurisdiction" and reject jurisdiction "if there is any doubt as to right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted).  Only a defendant possesses authority to remove a state action to federal court.  See 28 U.S.C. §§ 1441(a), 1446(a).

Here, Watkins was not a defendant to the petition filed in state court.  Although the petition implicated Watkins' interests, the petition did not name Watkins as a defendant.  Moreover, the state court never considered that Watkins was a party to the case.  In its order, the state court expressly listed only Viking as a defendant.  Therefore, Watkins was neither bound by the petition nor entitled to remove it.  Accordingly, the court finds that Watkins lacked the authority to remove the action.  See Newman & Cahn, LLP v. Sharp, 388 F. Supp.

4

2d 115, 117 (E.D.N.Y. 2005) (finding that a real party in interest has no authority to seek removal unless it is a named defendant); 14C Charles Alan Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u> § 3737 (2006) ("[R]emoval is not effective until all the steps required by the federal statute have been taken by the <u>defendant</u>.") (emphasis added).

Furthermore, because Watkins's attempted removal was a nullity, the court concludes that the petition is not pending before it, and that the state court never lost jurisdiction. <u>See Tanzman v. Midwest Express Airlines, Inc.</u>, 916 F. Supp. 1013, 1016 (S.D. Cal. 1996) (finding that "the case at all material times remained in [state court]" because removal was ineffective). For that reason, the court denies Watkins' motion to dismiss and motion to vacate the state court order.

III.

The plan's Summary Plan Description states:

If you:

a. sustain an illness or injury as a result of the tortious act of another party, and

b. as a result of such illness or injury you receive benefits under the Plan or are eligible to receive benefits and you reach **an agreement to settle with the responsible party**, or a **judgment against the responsible party** is entered in your favor, then you agree to hold in trust for the benefit of the Plan the "net proceeds" (defined below) from **the amount the responsible party** will pay to you or to any other person or entity on your behalf. By receiving Plan

5

>     benefits you expressly acknowledge that the Plan shall
>     have a lien and/or constructive trust on any "net
>     proceeds" paid to you or on your behalf as the result
>     of **a settlement or judgment with or against any party
>     responsible for your illness or injury**.
>     . . .
>     You and/or your eligible dependants will be required to
>     sign a form recognizing the Plan's lien/constructive
>     trust prior to receiving Plan benefits . . . The Plan
>     will have the right to withhold or offset future
>     benefit payments or recover prior benefit payments
>     through payroll deductions if you do not comply with
>     these provisions.

(emphasis added)

In the counterclaim, Watkins contends that, under the plan's reimbursement provision, it can recover from C.J. compensation he received from <u>any</u> source. To the contrary, Marshall argues in her motion to dismiss that the contract provision allows Watkins to recover only if C.J. settled with or received a judgment against the tortfeasor. The court has jurisdiction over the counterclaim because it presents an independent basis for federal jurisdiction under ERISA. <u>See</u> <u>Niagara Mohawk Power Corp. v. Tonawanda Band of Seneca Indians</u>, 94 F.3d 747, 753 (2d Cir. 1996) ("Where a court dismisses an action for lack of federal subject matter jurisdiction, it may nonetheless adjudicate a counterclaim presenting an independent basis for federal jurisdiction.")

The court finds Marshall's argument the more persuasive in light of the "responsible party" and "party responsible" language in the contract. This contract does not give Watkins the right to recover benefits received from another insurer. Under the

6

plan's reimbursement provision, Watkins can recover from C.J. only if C.J. settles with "the responsible party" or receives a judgment against "the responsible party."  In light of this language, the court finds that the term "responsible party" describes the party who caused the insured's "illness or injury," not another insurer.  Therefore, the court grants Marshall's motion to dismiss.

### III.

For the reasons stated above, the court DENIES Watkins's motion to dismiss Marshall's petition and GRANTS Marshall's motion to dismiss Watkins's counterclaim.

The clerk shall enter judgment.

IT IS SO ORDERED.

Dated: 16 November 2006

_____
DAVID F. LEVI
United States District Judge